**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, | ) |
| Plaintiff, | ) Case No. 15-cv-1191 |
| v. | ) **Judge Manish S. Shah** |
| XIAO MEI, et al., | ) **Magistrate Judge Young B. Kim** |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DECKERS OUTDOOR CORPORATION'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

Plaintiff Deckers Outdoor Corporation ("Deckers") brings the present action against the defendants identified on Amended Schedule A[1] (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cybersquatting (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV). As alleged in Deckers' Amended Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products bearing counterfeits of Deckers' UGG Trademarks (the "Counterfeit UGG Products") through various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and Online Marketplace Accounts listed in Amended Schedule A (collectively, the "Defendant Internet Stores").

II.  **STATEMENT OF FACTS**

On February 12, 2015, this Court granted Deckers' Motion for a Temporary Restraining Order ("the TRO"), which was subsequently extended on February 18, 2015. Docket Entries 17, 30 and 31. The TRO authorized Deckers to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, the TRO and other relevant documents on a website to which the Defendant Domain Names which are transferred to Deckers' control redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 22 and 23 to the Declaration of Graham Thatcher that includes a link to said website. TRO at ¶ 9. Since and pursuant to entry of the TRO, dozens of PayPal accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of

---

[1] Amended Schedule A reflects the voluntary dismissal of the Defendant Domain Name gotyourshoes.com (line 342 of the Defendant Domain Names section of Schedule A) on February 19, 2015 (Docket Entry 32)

Justin R. Gaudio (hereinafter, "Gaudio Declaration") at ¶ 2. In addition, Deckers is in the process of requesting transfer of the Defendant Domain Names. *Id.*

Deckers respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit UGG Products during the pendency of this litigation. As part of the Preliminary Injunction, Deckers requests that the Defendant Domain Names remain in Deckers' control and that Defendants' PayPal accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### a) A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Deckers respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., True Religion Apparel, Inc., et al. v. Does 1-100,* No. 1:12-cv-9894 (N.D. Ill. Jan. 15, 2013) (unpublished) (Docket No. 32); *Oakley, Inc. v. Does 1-100,* No. 1:12-cv-9864 (N.D. Ill. Dec. 27, 2012) (unpublished) (Docket No. 23); *Coach, Inc., et al. v. Lin Feng, et al.,* No. 1:12-cv-08963 (N.D. Ill. Nov. 29, 2012) (unpublished) (Docket No. 36).

##### i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1)

there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

#### (1) The Domain Name Transfer Order Remains Appropriate

Deckers seeks a conversion of the TRO issued by this Court on February 12, 2015, allowing Deckers to retain control of the Defendant Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit UGG Products and to provide notice to Defendants regarding these proceedings, Deckers respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

#### (2) The Asset Restraining Order Remains Appropriate

Deckers also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, PayPal has provided Plaintiff with information, including the identification of dozens of PayPal accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit UGG Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions, including PayPal

accounts, to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Deckers is entitled as set forth in the Amended Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal accounts. For example, Deckers' prayer for relief requests statutory damages of $2 million from each Defendant. Docket Entries 7 and 23. In addition, and as established in Deckers' TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, Deckers respectfully requests that this Court enter the preliminary injunction.

Dated this 26th day of February 2015.    Respectfully submitted,

  /s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Attorneys for Deckers Outdoor Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to Deckers' control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 22 and 23 to the Declaration of Graham Thatcher that includes a link to said website.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Attorneys for Deckers Outdoor Corporation*